

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 14, 1966

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. (C-608)

Re: Additional Bonds to
Secure Payment of Motor
Fuel Tax Under Chapter 9,
Title 122A, Taxation-
General, V.C.S.

Dear Mr. Calvert:

We have received your letter in which you request
an opinion as to whether the Comptroller can accept a
motor fuel tax bond filed voluntarily by a distributor
in an amount in excess of, or in addition to, the maxi-
mum of $50,000 bond prescribed by Article 9.07, Title
122A, V.C.S.

Since there is no statutory provision for a dis-
tributor to file an <u>additional</u> bond except when required
by the Comptroller, we presume that you desire to be
advised if the Comptroller may require such bond in excess
of $50,000, and if such bond is voluntarily submitted to
you by a distributor, whether you have authority to accept
the same. As we shall hereinafter notice, the statute
requires the distributor to file an <u>original</u> bond in order
to secure a permit.

The question presented by you makes it necessary to
decide in the event the Comptroller determines that the
amount of an existing bond is insufficient, unsatisfactory,
or unacceptable, whether:

    (1) May any new or additional bond voluntarily
    submitted or required by the Comptroller exceed
    $50,000 or

-2948-

(2)  Is the right of the Comptroller to require
reports at shorter intervals than one month
the exclusive remedy to follow if he is of the
opinion that the original maximum bond is in-
sufficient.

In 1929, for the first time, the law provided for a
distributor to execute a bond to secure the payment of the
tax which bond was to be not less than $1,000 nor more than
$100,000.  The Act also had a provision which merely pro-
vided that the Comptroller may require an additional bond at
any time (Acts 41st Leg. 2nd C.S. 1929, P. 172 (185)).

In 1933, for the first time, the law provided that the
Comptroller might require the distributor to make reports
and remit to the State for taxes collected by him at shorter
intervals than one month. (Acts 43rd Leg. R.S. 1933, p. 75).

Under Title 122A, V.C.S., the Motor Fuel Tax Law was
carried forward as Chapter 9 of said title and by Article
9.02 the tax is now 5¢ per gallon and Articles 9.06 and
9.07 of said title provide for the bond as prescribed by
the 1957 Act to be not less than $1,000 nor more than $50,000
and has the same provisions pertaining to requiring additional
or new bonds.

Article 9.06(2) provides that upon receipt of an
application for a permit from a distributor and the "bond
hereinafter provided for", the Comptroller shall issue the
permit.

As heretofore shown, the first time a bond was required
was by the Act of 1929 and said Act also provided that "before
any permit shall be issued", every distributor shall execute
and file a bond in a certain amount named in the said statute.
All of the subsequent acts of 1931, (p. 163), 1933, (p.75),
1941, (p.302), and 1957, (p. 418) as well as the present Art.
9.07, have the same requirement.  This, we believe, clearly
shows that it was the intention of the legislature that only
the original bond necessary to secure a permit cannot exceed
the sum of $50,000.

The pertinent provisions of Article 9.07 read as follows:

"Article 9.07    Bond

"(1)  Before any permit shall be issued and before engaging in the first sale, use, or distribution of motor fuel, upon which a tax is required to be paid in Texas, every distributor shall execute and file with the Comptroller a good and sufficient surety bond, which shall run concurrently with the permit required of a distributor to be obtained.  The said bond shall be signed by said distributor and a good and sufficient surety company or companies authorized to do business in this State, to be approved by the Comptroller, and except as hereinafter provided, in an amount not less than One Thousand Dollars ($1,000) nor more than Fifty Thousand Dollars ($50,000), payable to the State of Texas, and conditioned upon the full, complete and faithful performance by the distributor of all the conditions and requirements imposed upon him by this Chapter, or the rules and regulations of the Comptroller promulgated hereunder, on a form to be prescribed by the Comptroller with the approval of the Attorney General, . . .The amount of any bond required of any distributor shall be fixed by the Comptroller, and subject to the limitations herein provided, additional bond may be required by the Comptroller at any time an existing bond becomes insufficient, unsatisfactory, or unacceptable.  However, the distributor may demand a reduction of his bond after six (6) months from the effective date thereof to a sum to be not more than three (3) times the highest tax said distributor has collected and paid to the State for any month during the preceeding six (6) months, or the highest tax that could accrue on motor fuel purchased tax-free during any said month, but which shall never be less than the minimum aforesaid.

" . . .

"(2)   The Comptroller shall have the right, if, in his opinion, the amount of any existing bond shall become insufficient or any surety on a bond shall become unsatisfactory or un-acceptable, to require the filing of a new or an additional bond.  When said new bond has been furnished, the Comptroller shall cancel the bond for which said new bond is substituted.  No re-coveries on any bond or execution of any new bond or renewal of a permit shall invalidate any bond. A new bond may be demanded when any new permit is issued or revived but no revocation or revival shall affect the validity of any bond.  Provided further, that the Comptroller shall have the authority to require any distributor to make reports and remit to the State for taxes collected by him, or taxes accruing on motor fuel used by him, at shorter intervals than one (1) month at any time any maxi-mum bond shall, in the opinion of said Comptroller become insufficient.  Should any distributor fail or refuse to supply a new or additional bond within ten (10) days after demand, or shall fail or refuse to file reports and remit or pay the said tax at the intervals fixed by the Comptroller, said distributor's permit shall be cancelled by the Comptroller as herein provided.

"(3) . . .

"(4)   That in lieu of giving a bond, any distributor may deposit in the Suspense Account of the State Treasury money in the amount of the bond that may be required, which shall never be released until securities are substituted for the same, or a bond executed in lieu thereof, or until the Comptroller has made a complete and thorough investigation and authorized the same to be re-leased; . . . ." (Emphasis supplied).

We will now proceed to answer the two questions we have set out above.

1.

May any new or additional bond voluntarily submitted or required by the Comptroller exceed $50,000?

It is clear under the provision of the above statute that the Comptroller is authorized "subject to limitations" therein provided to require an additional bond at any time an existing bond becomes insufficient, unsatisfactory, or unacceptable. In Section (2) of said Article 9.07, the Comptroller is authorized to require the filing of a new bond or additional bond.

What are the "limitations" provided for as mentioned in Article 9.07 authorizing the Comptroller to require the distributor to make a new or additional bond? Does this mean that the bonds must be limited to $50,000 in the principal amount? We believe not. As stated above, it is clear that the limit of $50,000 is only for the purpose of securing a permit and since the statute provides for requiring an additional or new bond without making any limitation as to the amount of said bond we believe that a requirement may be made that said bond shall be in any amount whether more or less than $50,000 which the Comptroller believes is necessary to secure the State in the payment of the tax. We believe that the only limitations intended are that the bond must be by a good and sufficient surety company authorized to do business in Texas; payable as conditioned as provided by said Article; authorizing the distributor to demand a reduction of his bond under certain circumstances; and the distributor is allowed to deposit security in lieu of a bond as provided by Section (4) of said Article.

If it should be said that the limitation of $50,000 as set out in Section (1) of said Article means that the additional bond shall not exceed $50,000, then no effect whatever can be given to the provision allowing the Comptroller to require a new

or additional bond.  For example, when the Comptroller finds that an existing bond is insufficient and that additional security in the amount of $100,000 is necessary why should the distributor be required to execute two (2) bonds in the sum of $50,000 instead of one (1) bond in the sum of $100,000?

Since it is clear that the purpose of requiring a bond is to secure the State in the payment of the tax due on the 25th day of each month, it is our opinion that if in the Comptroller's opinion the new or additional bond should be in an amount more than $50,000 in order that the State may be properly secured, he may require the bond in such additional amount as may be necessary and may be one bond whether for more or less than $50,000.  We can conceive of no reason, if the present bond is insufficient, and the distributor voluntarily submits a new or additional bond, why the Comptroller cannot accept same, if he deems such submitted bond to be sufficient in amount to protect the State, whether the amount of the bond is less or exceeds the sum of $50,000.

2.

The next question is whether the authority of the Comptroller to require reports at shorter intervals than one month is the exclusive remedy when he finds that the existing bond is insufficient.

Since the Act gives two (2) remedies to the Comptroller to-wit, to require additional bonds or shorten the term for making reports, we believe that the Legislature intended by the statute that when the Comptroller is of the opinion that the existing bond is insufficient, unsatisfactory, or unacceptable, it is in his discretion to require a new or additional bond or require the distributor to make reports at shorter intervals than one month.  It is possible that the distributor might not be able to make a bond in the amount that the Comptroller might determine to be sufficient and for that reason he could cut short the intervals for filing reports and paying the tax.

It occurs to us, as a practical matter, that when the Comptroller deems an existing bond to be insufficient to protect the State, that he should make demand that the distributor either furnish a new or additional bond that is in a sufficient amount or that in lieu thereof that the distributor report and pay the tax at specified intervals less than one month.

## S U M M A R Y

Under Article 9.07, Title 122A, V.C.S., if and when the Comptroller is of the opinion that an existing bond is insufficient, unsatisfactory, or unacceptable, he may require a new or additional bond, which bond, according to his determination, may be in any amount whether more or less than $50,000, which he considers necessary to secure the State in the payment of the taxes provided for, or, in his discretion, he may require the distributor to make reports and remit to the State for taxes collected by him, or taxes accruing on motor fuel used by him, at shorter intervals than the one month period provided for in Article 9.07.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: H. Grady Chandler
Assistant

HGC:sjl

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Reeves
F. C. Jack Goodman
W. E. Allen

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright